STATE OF WEST VIRGINIA

**FILED**
**June 10, 2014**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES M. ROWE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0012** (BOR Appeal No. 2047285)
(Claim No. 2007226494)

**SUPERIOR PLATING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James M. Rowe, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Superior Plating, Inc., by George E. Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2012, in which the Board affirmed a May 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's August 22, 2011, decision, which denied adding the diagnoses of sprain of the shoulder and upper arm and supraspinatus tendon and labral tear as compensable conditions of the claim. The Office of Judges held that sprain of the shoulder and upper arm was already a compensable condition of the claim. The Office of Judges affirmed the claims administrator's denial of the request to add supraspinatus tendon and labral tear as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rowe worked as a driver for Superior Plating, Inc. On May 10, 2007, he fell off the back of a pickup truck and injured his shoulder. Immediately following the injury, an x-ray was taken of his shoulder at West Virginia University Hospital, and the results were unremarkable.

1

An MRI was also taken which was unremarkable except for minimal degenerative signal in the rotator cuff tendon. The claims administrator held the claim compensable for a contusion of the elbow and forearm, a sprain of the cervical spine, and a sprain of the shoulder and upper arm. Mr. Rowe received treatment under this claim, but he continued to have shoulder pain. He then came under the care of George K. Bal, M.D., and Charles L. Werntz III, M.D., who believed Mr. Rowe had a possible labral tear. On March 15, 2010, a second MRI was taken of the right shoulder which revealed a partial tear of the supraspinatus tendon and labral cartilage. Dr. Bal then submitted a diagnostic update form requesting the addition of shoulder sprain and supraspinatus tendon and labral tear as compensable conditions of the claim. Dr. Werntz also submitted a diagnosis update request listing the same conditions. Prasadarao B. Mukkamala, M.D., reviewed the requests. He compared the recent MRI with the one taken immediately after the injury and found that the changes in Mr. Rowe's condition were not causally related to the compensable injury. On August 22, 2011, the claims administrator denied adding shoulder and upper arm sprain and supraspinatus tendon and labral tear as compensable conditions of the claim. On May 11, 2012, the Office of Judges modified the claims administrator's decision. The Office of Judge reversed the claims administrator's decision with respect to the diagnosis of shoulder and upper arm sprain, but it affirmed the claims administrator's denial of supraspinatus tendon and labral tear. The Board of Review affirmed the Order of the Office of Judges on December 5, 2012, leading Mr. Rowe to appeal.

The Office of Judges concluded that sprain of the shoulder and upper arm was already a compensable condition of the claim and the claims administrator's denial of that condition must be reversed. The Office of Judges, however, concluded that supraspinatus tendon and labral tear was not a compensable condition of the claim. The Office of Judges determined that the diagnostic update requests were based exclusively on the findings of the most recent shoulder MRI. It found that Dr. Werntz did not explain how the new condition was causally connected to an injury that occurred in 2007. The Office of Judges pointed out that the MRI taken immediately after the compensable injury was unremarkable except that it revealed degenerative changes of the rotator cuff. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Rowe has not demonstrated that he sustained a supraspinatus tendon and labral tear in the course of and resulting from his employment. The MRI taken immediately after the compensable injury showed no evidence of a tendon or cartilage tear. Although the most recent MRI reveals the presence of this condition, there is no medical opinion that demonstrates a causal connection to the compensable injury, especially considering that the first diagnosis of a tendon or labral tear occurred more than three years after the date of injury. The addition of supraspinatus tendon and labral tear is not supported by the objective evidence in the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman